GRIFFIN *v.* STATE.

## Opinion delivered September 24, 1923.

1. MASTER AND SERVANT—ENTICING AWAY LARORER—EVIDENCE.— On trial for enticing away a share-cropper, evidence *held* sufficient to warrant finding that there was a contract of employment between the share-cropper and his alleged employer, and that defendant, with knowledge thereof, employed the share-cropper to go to another State in violation of his contract.

2. MASTER AND SERVANT—EMPLOYMENT OF CONTRACT LABORER—CONSENT OF MASTER.—The fact that a landowner accepted payment of his share-cropper's past-due account from defendant did not of itself constitute consent to defendant employing such share-cropper in violation of his contract with a landowner.

3. MASTER AND SERVANT—ENTICEMENT OF LABORER—INSTRUCTION. —An instruction that if the jury believed that a laborer had contracted as share-cropper with landowners and that defendant enticed away, knowingly employed or induced such laborer to leave before expiration of the contract and without the landowners' consent, they should convict, necessarily implied that knowledge by accused of the existence of the contract was essential.

4. CRIMINAL LAW—INSTRUCTIONS ALREADY GIVEN.—Where a requested instruction as to the burden of proof was fully covered by other instructions given by the court, its refusal was not error.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; affirmed.

*Harry T. Wooldridge,* for appellant.

*J. S. Utley,* Attorney General; *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

McCULLOCH, C. J. Appellant was convicted upon information filed against him, charging violation of the statute which makes it a misdemeanor for any person to "interfere with, entice away, knowingly employ or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract, without the consent of the employer or landlord \* \* \*." Crawford & Moses' Digst, § 6570.

It appears from the testimony that one Hutson was employed as a share-cropper by Cox & Alexander, a co-partnership, and worked on their plantation in Jefferson County for the year 1922, and there is evidence that during the latter part of that year a new contract was entered into between Hutson and Cox & Alexander for similar employment at that place during the year 1923. The charge against appellant is that, on or about January 3, 1923, he induced Hutson to break his contract with Cox & Alexander, and employed Hutson to leave that plantation and go to Mississippi to work for appellant's employers in that State.

According to the undisputed evidence, appellant was in the employment of the Delta & Pine Land Plantation Company, a corporation operating a large plantation in the State of Mississippi, and that he came to Arkansas in search of tenants or laborers to go to Mississippi to work the land of his employers. According to the testimony adduced, on his first trip to Arkansas he employed a kinsman of Hutson's, and, after returning to Mississippi, he received a letter from Hutson making inquiry whether appellant desired to employ any more labor, and proposing to hire to appellant to work on the Mississippi plantation. Appellant came back to Arkansas, and, while here, went to the plantation of Cox & Alexander, and, according to his own admission, employed Hutson, while he was still living on that place, to move to Mississippi. Cox, one of the members of the firm, testified that he had a conversation with appellant and informed the latter of the existence of his contract with Hutson. He also testified that he had made a new contract with Hutson for the year 1923. Hutson denied that he had made a new contract, and appellant also denied that Cox told him about a new contract. Appellant and the other witnesses just mentioned testified that there was a conversation between appellant and Hutson on the one side and Cox on the other with regard to Hutson's past-due account with Cox & Alexander, and that appellant paid

an account for Hutson to Cox & Alexander in the sum
of about forty dollars. This was a current account,
and there was also a discussion of an old account, amount-
ing to $197, which Cox wanted appellant to pay
for Hutson.

It is insisted, in the first place, that the evidence
is not sufficient to sustain the verdict, but our conclusion
is to the contrary. There was a conflict, but the testi-
mony was sufficient to warrant the jury in finding that
there was a contract between Hutson and Cox & Alex-
ander for the year 1923; that appellant, with knowledge
of the existence of that contract, and before Hutson had
severed his relations with Cox & Alexander, carried on
negotiations with Hutson which constituted an unlawful
inducement to Hutson to break his contract with Cox &
Alexander without their consent, and that, with such
knowledge, he employed Hutson to go to Mississippi, in
violation of his contract with Cox & Alexander. The
existence of these facts brought the case within the
operation of the statute, and the verdict of the jury
was warranted, both as to the law and the evidence.
The fact that Cox accepted payment from appellant of
the past-due account of Hutson did not necessarily con-
stitute consent to the employment of Hutson by appel-
lant. Cox & Alexander had the right to accept such
payment without waiving the breach of Hutson's con-
tract with them and without consenting to appellant's
unlawful interference.

The court gave the following instruction at the in-
stance of the prosecuting attorney:

"1. If you believe from the evidence in this case,
beyond a reasonable doubt, that Dan Hutson had entered
into a contract as a share-cropper with Cox & Alexander,
a partnership composed of Jeff Cox and S. C. Alexander,
for the year 1923, and that the defendant, in Jefferson
County, Arkansas, and within twelve months next be-
fore the filing of the information in the municipal court
of the city of Pine Bluff by the prosecuting attorney,

interfered with, enticed away, knowingly employed or induced the said Hutson to leave his said employers before the expiration of said contract and without the consent of the said Cox & Alexander, you will convict the defendant.''

The court also gave the following instruction at the request of appellant:

''3. Even though you may believe from the evidence, beyond a reasonable doubt, that the defendant, P. B. Griffin, interfered with, enticed away, knowingly employed or induced Dan Hutson to leave the employment of Cox & Alexander at the time alleged, and at that time the said Dan Hutson had entered into a contract of employment with Cox & Alexander for the year 1923, you cannot convict the defendant unless you further find that, at the time of the alleged enticement, defendant knew of the existence of the contract of employment between Dan Hutson and Cox & Alexander, and the burden of proof is upon the State to prove beyond a reasonable doubt that the defendant knew of the existence of such contract at the time of the alleged enticement.''

The instruction given at the instance of the State was objected to by appellant, and it is argued now that the instruction is erroneous for the reason that it ignored the essential element of knowledge on the part of appellant that there was a contract between Hutson and Cox & Alexander. We do not think that the instruction is open to that objection, for the jury were told in the instruction that, in order to convict, it must be found that appellant ''interfered with, enticed away, knowingly employed or induced the said Hutson to leave his said employers.'' The language used necessarily implied that knowledge of the existence of the contract was essential to violation of the statute.

Error is also assigned in the refusal of the court to give the following instruction requested by appellant:

"2. You are instructed that the burden of proof is upon the State to prove beyond a reasonable doubt that the defendant, P. B. Griffin, interfered with, enticed away, knowingly employed, or induced Dan Hutson to leave the employment of Cox & Alexander before the expiration of his contract of employment, if any, with said Cox & Alexander for the year 1923, and the State must further prove beyond a reasonable doubt that the defendant, P. B. Griffin, at the time of the alleged enticement, knew of the existence of a contract of employment between Cox & Alexander and Dan Hutson for the year 1923. If the State has failed to prove these facts beyond a reasonable doubt, your verdict will be for acquittal."

This instruction was fully covered by the other instructions given by the court, and there was no error in refusing it.

The law applicable to this case, and the construction of the statute under which the charge was laid, is fully discussed in the case of *Johns* v. *Patterson*, 138 Ark. 420 and 145 Ark. 46, and it is not necessary to add anything to what was announced in the two opinions in that case.

We are of the opinion that there is no error in the record, and the judgment will therefore be affirmed.