STATE v. MOORE.

Opinion delivered October 27, 1924.

MASTER AND SERVANT—ENTICING AWAY LABOR.—Under Crawford &
    Moses' Dig., § 6570, prohibiting any person from interfering
    with, enticing away, knowingly employing or inducing a laborer,
    who has contracted with another person for a specified time, to
    leave his employer before the expiration of his contract without
    the consent of the employer, one who knowingly employs a laborer
    to leave his employer before the expiration of his contract is
    guilty.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark,* Judge; reversed.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, and *John W. Moncrief,* for appellant.

*J. M. Brice,* for appellee.

HART, J. S. H. Moore was convicted in a justice of the peace court for enticing away a laborer, in violation of our statute, and appealed to the circuit court.

According to the evidence for the State, on the 5th day of May, 1924, J. A. Price employed a negro named George Butler to work for him in putting in and making a rice crop. Price hired Butler by the month, and was to pay him $35 per month to help put in the crop. When the pumping season began he was to pay him $2 per night and board until that season was over. After George Butler had worked three weeks, Price paid him $15 on account. This was on Saturday, the 24th day of May, 1924, and Butler went to town with the distinct understanding that he would be back for work early the next Monday morning. Butler never came back, and the defendant told Price that he had employed Butler for $2.50 per day to help him in getting out timber. Price saw the defendant driving by his place a day or two before Butler quit. Butler had worked for the defendant during the timber season in the fall of 1923.

Other witnesses for the State testified that Moore came into the neighborhood in May, 1924, and was looking for some negroes who had worked for him in getting out timber during the previous fall. He inquired about

George Butler, and was told that Butler was employed by the month by J. A. Price.

Another witness testified that the defendant told him on the Sunday morning that he hired Butler that he knew that Butler was working for Price, and that he would not hire him without his consent.

Evidence was adduced by the defendant tending to show that George Butler quit working for Price of his own accord, and, after he had quit, the defendant hired him to work for him.

The court instructed a verdict of acquittal, and the State has appealed.

The court stated specifically that the fact that the defendant knew that Butler was employed by Price, and with that knowledge gave him employment, before his contract had expired with Price, together with the other circumstances adduced in evidence, would not warrant a verdict of guilty.

The court was mistaken in its view of the law. Our statute provides that, if any person shall interfere with, entice away, knowingly employ, or induce a laborer who has contracted with another person for a specified time, to leave his employer before the expiration of his contract, without the consent of the employer, he shall, upon conviction, be fined not less than $25 nor more than $100. Crawford & Moses' Digest, § 6570.

This court has held that one will not become guilty under the statute of enticing away a laborer who has quit his employer's service; but that he is guilty if the enticement is made while there exists a valid contract for continued service known to the defendant. *Johns v. Patterson;* 138 Ark. 420; *Johns v. Patterson,* 145 Ark. 46; and *Griffin v. State,* 160 Ark. 166.

In the latter case the facts were that Griffin, with knowledge that Hutson had been employed by Cox & Alexander for the year 1923 to make a crop, and before Hutson had quit the employment, began negotiations with Hutson, without the consent of his employers, to go with him to the State of Mississippi and work for him

there. The court expressly said that the existence of these facts brought the case within the operation of the statute, and that a verdict of guilty was warranted both as to the law and the evidence.

The facts in the instant case are precisely the same in all essential respects, and the court erred in telling the jury as a matter of law that the defendant was not guilty of a violation of the statute. The guilt or innocence of the defendant should have been submitted to the jury as a question of fact to be determined by it.

It follows that the judgment will be reversed, and the cause remanded for a new trial.